IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JOHN GUTHRIE, as Beneficiary of an Accidental Death Insurance Policy Issued in the Name of Corey Guthrie, deceased | : : : | Civil Action |
| Plaintiff | : | |
| v. | : | No. |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA | : : | |
| Defendant | : : | |

**COMPLAINT & JURY DEMAND**

Plaintiff JOHN GUTHRIE, by way of Complaint against defendants says:

**JURISDICTION**

1. Jurisdiction is vested in this court by virtue of federal questions pursuant to 29 U.S.C. § 1001, *et seq.*

**VENUE**

2. Venue is properly laid in the United States District Court for the District of New Jersey because the Accidental Death Benefits Insurance Policy involved was issued out of the State of New Jersey and because the defendant is headquartered in the State of New Jersey.

**FACTUAL ALLEGATIONS**

3. Plaintiff John Guthrie is the natural father of Corey Guthrie, deceased, and the sole beneficiary of an Accidental Death Benefits insurance policy issued by defendant to Corey Guthrie.

4. Corey Guthrie died in a single vehicle accident on August 6, 2010 in Ruckersville, Virginia.

5. At the time of his death, Corey Guthrie was employed by CACI International, Inc. As part of his package of employment benefits, he was provided with, among other things, "Employee Term Life Coverage," "Dependents Term Life Coverage" and "Accidental Death and Dismemberment Coverage." The accidental death coverage provided for a benefit of 300% of the employee's annual earnings. At the time of the accident and his death, Corey Guthrie was earning approximately $90,000 per year.

6. These benefits were part of Group Contract of insurance issued by defendant The Prudential Insurance Company of America from Newark, New Jersey to Corey Guthrie's employer CACI International.

7. The Accidental Death Benefits policy, during all relevant periods, was governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq. A true and correct copy of the Accidental Death Benefits policy is attached hereto as Exhibit A" and incorporated herein by reference.

8. For its' part, the Accidental Death Benefits policy provided that Prudential would pay benefits for the loss of Corey Guthrie's life provided that his death occurred within 365 days after the accident and was caused by an accidental bodily injury due to a covered accident and sustained while he was a covered person. See Exhibit A, pp. 37-38.

9. At the time of the accident and death, Corey Guthrie was a covered person under the Accidental Death Benefits Policy.

10. Corey Guthrie's death was caused by the bodily injuries he sustained in the August 6, 2010 single vehicle accident, and he died within 365 days of the accident.

11. On August 13, 2010, John Guthrie, father of Corey Guthrie and the sole beneficiary of the Accidental Death Benefits policy, filed a claim under the policy. See Group Life Insurance Beneficiary Claim Form, attached hereto as Exhibit "B" and incorporated herein by reference.

12. On January 10, 2011, defendant notified plaintiff that his claim had been denied. The basis for this denial was an exclusion in the policy arising where the insured *at the time of the accident* was operating a vehicle while under the influence of alcohol as defined by law. Because the toxicology results from an autopsy showed a blood alcohol content of 0.14 and a vitreous (taken from a sample of eye tissue) level of 0.13, defendant concluded that *at the time of the accident*, Corey Guthrie was operating his motorcycle with a blood alcohol content (BAC) in excess of 0.08, the legal limit in Virginia. See January 10, 2011 letter from Prudential to John Guthrie, attached hereto as Exhibit "C" and incorporated herein by reference.

13. Pursuant to the policy, plaintiff filed an appeal of defendant's determination pointing out that because critical facts where missing, it could not be determined to a reasonable degree of medical probability what Corey's BAC was *at the time of the accident* as required under the policy. Specifically, plaintiff pointed out that there

   a. was no chain of custody for the toxicology samples;

   b. it was unknown when the samples were taken relative to the time of the accident which appeared to have occurred as much as one hour and forty minutes before death;

   c. it was unknown how much alcohol he consumed or when his last drink was relative to the accident;

   d. it was likewise unknown what or how much he had to eat before leaving the bar at which he was last seen; and

e. the accident scene was approximately one mile from the bar and therefore occurred within minutes of him leaving.  He was not discovered for another hour, however, at approximately 1 a.m. and appeared to be still alive at the time.

f. the time of death is listed as 1:37 a.m.; approximately one hour and forty minutes after he was last seen alive leaving the bar.

Because of these missing facts, defendant could not determine whether the levels in the toxicology samples were rising or falling and therefore it could not be determined, to a reasonable degree of medical probability whether Corey's blood alcohol content was above the legal limit for operating a motor vehicle *at the time of the accident.*

13. Defendant denied plaintiff's appeal on November 16, 2011 citing an analysis done by an unidentified consultant whose credentials were not disclosed but who nevertheless concluded that Corey Guthrie's BAC was above 0.08 *at the time of the accident*.

14. It is well-settled that insurance policy exclusions are narrowly construed and the burden is on the insurer to bring the case within the exclusion.  Because defendant lacked essential facts bearing on the determination of BAC at any discreet point in time in this case, the methodology utilized in determining Corey Guthrie's BAC *at the time of the accident* is unreliable and defendant is unable to meet its burden of proving to a reasonable degree of medical probability that it exceeded 0.08 *at the time of the accident*.  Defendant's denial of coverage and denial of plaintiff's appeal were therefore arbitrary and capricious.

WHEREFORE, Plaintiff John Guthrie, as the sole beneficiary of the Accidental Death Benefits policy issued in the name of Corey Guthrie, deceased, respectfully requests this Honorable Court to conduct a *de novo* review and reverse defendant's decision to deny plaintiff's claim or, in the alternative, to determine that defendant acted arbitrarily and capriciously in

denying plaintiff's claim, and demands judgment against defendant with interest, attorneys' fees and the cost of this action or such other relief the court deems equitable and just.

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all claims so triable in this complaint.

                                              Respectfully submitted,

                                              _____/s/ Kevin Haverty_____
                                              KEVIN HAVERTY, ESQUIRE
                                              MARIA C. JANOSKI, ESQUIRE
                                              Williams Cuker Berezofsky, LLC
                                              210 Lake Drive East, Suite 101
                                              Cherry Hill, NJ 08002
                                              Tel: (856) 667-0500
                                              Fax: (856) 667-5133
                                              Email: khaverty@wcblegal.com
                                                          mjanoski@wcblegal.com
                                              *Attorneys for Plaintiff*

Dated: November 29, 2012